IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY STEVEN BOWMAN,

    Plaintiff,                    No. CIV S-08-3009 JAM GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.             <u>ORDER</u>

_____/

         Plaintiff is a state prisoner proceeding pro se. On April 2, 2009, the court recommended that this action be dismissed as duplicative of CIV S-07-2164 FCD KJM P. On April 17, 2009, plaintiff filed objections. After reviewing the record, the court finds that the claims raised in the January 9, 2009, amended complaint are not duplicative of CIV 07-2164 FCD KJM P. However, for the following reasons, the court finds that plaintiff's claims should be raised in a petition for writ of habeas corpus rather than a civil rights action.

         Plaintiff alleges that on December 14, 2008, he was paroled from state prison after serving a sentence for violating parole. On December 15, 2008, his parole agent informed him that as a condition of his parole, he was required to wear a GPS device. Plaintiff told his parole agent that he would only agree to wear the GPS for one day. On December 16, 2008, he met his parole agent at the jail so that they could arrest him for refusing to wear the GPS device. Plaintiff was arrested and taken to jail. On December 31, 2008, the Board of Parole Hearings found him

guilty of violating the conditions of his parole based on his refusal to wear the GPS device.

In the amended complaint, plaintiff seeks prospective injunctive and declaratory relief. In particular, plaintiff seeks an court order finding that Cal. Penal Code § 3010, pursuant to which he was required to wear the GPS device, is unconstitutional.

Any claim by a prisoner attacking the fact or duration of his custody must be brought by way of a habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). Where a prisoner raises a claim challenging the legality or duration of his parole status, such claim must be brought in a petition for writ of habeas corpus. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).

On January 14, 2009, plaintiff filed a letter with the court stating that he is not trying to attack his current parole violation. Rather, he is only seeking prospective injunctive relief. However, plaintiff's claims challenge the validity of his custody because he, in effect, challenges the legality of his current parole violation. Were the court to find that Cal. Penal Code § 3010 is unconstitutional, plaintiff would be entitled to release from prison. For this reason, his claims must be raised in a petition for writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 2, 2009, findings and recommendations are vacated;

2. This action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

3. The January 9, 2009, amended complaint is dismissed with thirty days to file a petition for writ of habeas corpus;

4. The Clerk of the Court is directed to send plaintiff the form for a habeas corpus petition;

/////

/////

/////

5. The motions for injunctive relief filed January 13, 2009 (no. 6), and January 14, 2009 (no. 8), are vacated.

DATED: May 6, 2009

/s/ Gregory G. Hollows

bow3009.vac

UNITED STATES MAGISTRATE JUDGE