IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY STEVEN BOWMAN,

     Plaintiff,                     No. CIV S-08-3009 JAM GGH P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

     Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the court recommends that this action be dismissed.

        On December 9, 2008, plaintiff filed this civil rights action. Plaintiff challenged the condition of his parole that he wear a GPS device. On May 6, 2009, the court construed this action as a habeas corpus petition and ordered plaintiff to file a petition pursuant to 28 U.S.C. § 2254.

/////
/////
/////
/////

1

On October 20, 2009, plaintiff filed a motion to reinstate his civil rights action. Plaintiff alleged that he was released from the parole violation sentence he was serving based on his refusal to wear the GPS device. Plaintiff alleged that he had since been re-incarcerated based on a "multitude of different charges." Plaintiff alleged that a finding that he should not be required to wear the GPS device while on parole would have no impact on his present incarceration.

On November 16, 2009, the undersigned granted plaintiff's October 20, 2009, request and reinstated his civil rights action. The court ordered plaintiff to complete and return the forms necessary to effect service.

On December 2, 2009, plaintiff filed a request to reinstate his habeas corpus action. Plaintiff states that he realizes that the proper format for the relief he seeks is a habeas corpus petition. Plaintiff alleges that he will be released on parole in late December 2009. He alleges that he will again refuse to wear the GPS device and will be rearrested. Plaintiff states that he will now exhaust his state court remedies, as is required to bring to a habeas corpus petition pursuant to 28 U.S.C. § 2254.

The undersigned cannot "reconstrue" this action yet again to accommodate plaintiff. Because it is clear that plaintiff does not intend to prosecute this action, the court recommends that it be dismissed based on the failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 110. When plaintiff has completed exhaustion of his state court remedies, he may file a habeas corpus petition pursuant to 28 U.S.C. § 2254.

For the reasons discussed above, IT IS HEREBY RECOMMENDED that this action be dismissed. See Local Rule 11-110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.
3  DATED: December 22, 2009
4
5                                                          /s/ Gregory G. Hollows
6                                                      GREGORY G. HOLLOWS
                                                        UNITED STATES MAGISTRATE JUDGE
7
8
9  bow3009.56